UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELBERT WELCH,

                  Plaintiff,

                                                            9:06-CV-0061
      v.                                            (GTS/DEP)

T. CHARLAN, *et al.*,

                  Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

ELBERT WELCH, 00-B-1648
    Plaintiff, *Pro Se*
Orleans Correctional Facility
35-31 Gaines Basin Road
Albion, NY 14411

HON. ANDREW M. CUOMO                       SENTA B. SIUDA, ESQ.
Attorney General for the State of New York
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204

GLENN T. SUDDABY, UNITED STATES DISTRICT JUDGE

**MEMORANDUM-DECISION and ORDER**

      On January 9, 2006, Elbert Welch ("Plaintiff") filed this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1, at 7 [Plf.'s Compl., dated Jan. 9, 2006].) On June 1, 2006, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 12.) On September 24, 2008, United States Magistrate Judge David E. Peebles filed a Report-Recommendation that Plaintiff's *in forma pauperis* status be revoked as having been improvidently granted, based on the "Three Strikes Rule," 42 U.S.C. § 1915(g). (Dkt. No. 53.) Plaintiff has not filed any Objections to the Report-Recommendation. (*See generally* Docket Sheet.) Based on a careful review of all the papers in this action, including the Report-

Recommendation of Magistrate Judge Peebles, the Court can find no error (clear or otherwise) with Magistrate Judge Peebles' Report-Recommendation. The Court would add only three points to Magistrate Judge Peebles' thorough Report-Recommendation.

First, the power of a federal district court to invoke the "Three Strikes Rule" is not limited to the outset of a litigation but extends throughout the pendency of the proceeding. In other words, a federal district court has the authority to rescind or revoke the *in forma pauperis* status that it has previously bestowed upon a plaintiff, if the court discovers that the status had been improvidently granted.[1]

Second, because 28 U.S.C. § 1915(g) creates an exception for prisoners who are under imminent danger of serious physical injury when they "bring a civil action," the imminent-danger exception applies only when such danger exists *at the time the action is brought*. *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002), *accord*, *Polanco v. Hopkins*, No. 07-1739, 2007 WL 4258724, at *2-3 (2d Cir. Dec. 6, 2007) (declining to overturn the Second Circuit's time-of-filing interpretation set forth in *Malik*). Here, the Court finds that, even when construed with the utmost of special solicitude, Plaintiff's Complaint does not allege facts plausibly suggesting that he was in imminent danger of serious physical injury on January 9, 2006. (*See* Dkt. No. 1 [Plf.'s Compl.].)[2] For example, Plaintiff's allegations of a conspiracy to poison him suffer from one or more of the following three defects: (1) they refer to events that

---

[1]  *Johnson v. Connolly*, 07-CV-0158, 2008 WL 724167, at *7, n.15 (N.D.N.Y. March 17, 2008) (Kahn, J., adopting Report-Recommendation on *de novo* review) [collecting cases].

[2]  "When determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint." *Johnson*, 2008 WL 724167, at *9, n.18 [collecting cases]; *see also Welch v. Fisher*, 07-CV-0929, 2007 WL 3231992, at *1-2 (N.D.N.Y. Oct. 30, 2007) (McAvoy, J.).

occurred well before the date on which Plaintiff brought the action on January 9, 2006 (for example, because they refer to "a massive conspiracy dating back to 1979"); (2) they are merely speculative in nature (for example, because they allege that "the swelling on [Plaintiff's] upper lip . . . could well be the result of . . . tainted food served by conspirators");[3] (3) they are so general as to be conclusory in nature;[4] and/or (4) they are so implausible and fantastic as to be frivolous.[5]  (*Id*. at "Attachment.")

Third, when the Court originally granted Plaintiff's motion to proceed *in forma pauperis*, the Court was undoubtedly relying on Plaintiff's sworn representation in his verified Complaint that his previously litigation history in federal court consisted of merely one other federal court action.  (Dkt. No. 1, ¶¶ V.A.-E. [Plf.'s Compl.].)  This representation was blatantly false, given

---

[3]  *See*, *e.g.*, *Skillern v. Paul*, 06-CV-11440, 202 F. App'x 343, 344 (11th Cir. Oct. 4, 2006) (prisoner was not in imminent danger of serious physical injury for purposes of 28 U.S.C. § 1915[g], where he alleged merely that the deprivation of his heart medication "may result" in his suffering serious physical injury, without "present[ing] any description of the condition giving rise to the prescription for heart disease medication," and without "alleg[ing] that he suffered any physical injury as a result of not receiving the medication"); *Swenson v. Pramstaller*, 169 F. App'x. 449, 450-51 (6th Cir. 2006) (concern of imminent danger due to sleepwalking in prison was speculative).

[4]  *See*, *e.g.*, *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (prisoner was not in imminent danger of serious physical injury for purposes of 28 U.S.C. § 1915[g], where he merely asserted conclusory allegations that prison officials were trying to kill him by forcing him to work in extreme weather conditions despite "his blood pressure condition").

[5]  *Gibbs v. Case,* 160 F.3d 962, 967 (3d Cir. 1998) ("[A] a district court [need not] accept any and all allegations of injury as sufficient to forestall application of 28 U.S.C. § 1915(g). . . . [A] district court [may] discredit[] factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'") [citation omitted]; *see, e.g., Moore v. Robert*, 06-CV-11911, 2006 WL 2925303, at *1 (E.D. Mich. Oct. 11, 2006) (allegation that computer microchip had been implanted in brain did not allege imminent danger of serious physical injury); *Brooks v. Barrow*, 06-CV-0499, 2006 WL 1718337, at *1, n.2 (M.D. Ala. June 19, 2006) (allegation that prison staff had engaged in the "mass murder" of inmates to "sell body parts" and "torture inmates").

Plaintiff's extensive litigation history in federal court, which is published on the Federal Judiciary's Public Access to Court Electronics Records ("PACER") Service. This representation was also highly material, given Plaintiff's accumulation of strikes during the course of that ligation history. As a result, an alternative ground for revoking Plaintiff's *in forma pauperis* status is that he should be sanctioned for making a material misrepresentation to the Court.[6]

For all of these, the Court adopts the Report-Recommendation of Magistrate Judge Peebles.

Finally, a few words are necessary about Plaintiff's litigation history in this Court. The Court is fully aware of the special solicitude that Plaintiff should be afforded as a *pro se* civil rights litigant. However, the Court is also aware of the abusive nature of Plaintiff's litigation history in this Court, and that litigation history's impact on the resources of this Court (and the speed with which the Court has been able to decide the civil rights claims of other *pro se* prisoners). For example, Plaintiff's litigation history in this Court has included the filing of sixteen (16) other prisoner cases since 1996. Each of these cases sixteen other cases has been transferred or dismissed (often based on failure to state a claim or frivolousness),[7] except for one

---

[6] District Judges from this Court have indicated a willingness to sanction *pro se* litigants for making such misrepresentations. *See*, *e.g.*, *Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *13-14 (N.D.N.Y. Aug. 21, 2007) (Sharpe, J., adopting, on *de novo* review, Report-Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *Muniz v. Goord*, 04-CV-0479, 2007 WL 2027912, at *6 & n. 32 (N.D.N.Y. July 11, 2007) (McAvoy, J., adopting, on plain-error review, Report-Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint) [collecting cases]. Certainly, other federal courts have so sanctioned *pro se* litigants. *Chavis v. Ryan*, 05-CV-0100, 2008 WL 4934605, at *8, n.8 (N.D.N.Y. Nov. 18, 2008) [citing cases].

[7] *See*, *e.g.*, *Welch . Fisher,* 07-CV-0929, Order, at 5 (N.D.N.Y. filed Oct. 30, 2007) (McAvoy, J.); *Welch v. LeFevre*, 96-CV-0789, Order of Dismissal (N.D.N.Y. filed July 31, 1996) (Scullin, J.).

case (in which Plaintiff has been required to file an Amended Petition, which properly states a habeas corpus claim, by December 19, 2008, upon penalty of dismissal).[8] In addition, in some of these sixteen cases, Plaintiff has attempted to relitigate claims (e.g., his food-poisoning conspiracy claim) that had been previously decided and/or dismissed with prejudice.[9] Moreover, in some of the sixteen cases, Plaintiff has attempted to circumvent the "Three Strikes Rule" by either misrepresenting his litigation history in his sworn Complaints, or casting his prisoner civil rights claims as habeas corpus claims.[10] Finally, in several of the sixteen cases, Plaintiff (who is currently incarcerated in the Western District of New York) has intentionally misfiled his Complaints in this Court instead of in the Western District of New York, because he believes the judges of that District are engaged in a massive conspiracy against him.[11]

For these reasons, Plaintiff is cautioned that, if he continues his pattern of abusive litigation in this Court, he will be subject to an Order preventing him from filing future actions in this Court without either (1) being represented by counsel or (2) obtaining prior leave of the Court. The Court notes that Plaintiff has already received a similar bar order from the Second

---

[8] *See Welch v. Mukasey*, 09-CV-1217, Decision and Order (N.D.N.Y. filed Nov. 19, 2008) (Hurd, J.).

[9] *See, e.g., Welch v. Mukasey*, 09-CV-1217, Decision and Order, at 3, n.1 (N.D.N.Y. filed Nov. 19, 2008) (Hurd, J.). (*See also* Dkt. No. 53, at 17.)

[10] *See, e.g., Welch v. Mukasey*, 09-CV-1217, Decision and Order, at 5, n.3 (N.D.N.Y. filed Nov. 19, 2008) (Hurd, J.)

[11] *See*, *e.g.*, *Welch v. Mukasey*, 08-CV-1217, Decision and Order (N.D.N.Y. filed Nov. 19, 2008) (Hurd, J.); *Welch v. Fischer*, 08-CV-1056, Order of Transfer (N.D.N.Y. filed Oct. 10, 2008) (Mordue, C.J.); *Welch v. Brown*, 08-CV-1055, Order of Transfer (N.D.N.Y. filed Oct. 9, 2008) (Scullin, J.); *Welch v. Oldenburg*, 07-CV-0973, Order of Transfer (N.D.N.Y. Dec. 10, 2007) (Homer, M.J.); *Welch v. Artus*, 05-CV-0712, Order of Transfer (N.D.N.Y. filed March 3, 2006) (McAvoy, J.); *Welch v. United States Dep't of Justice*, 02-CV-0902, Order of Transfer (N.D.N.Y. filed Sept. 25, 2002) (Kahn, J.); *Welch v. Reynolds*, 98-CV-1069, Order of Transfer (N.D.N.Y. filed Sept. 25, 1998) (Sharpe, J.)

Circuit. *See Welch v. Phelps*, No. 03-0045, Order (2d Cir. filed Oct. 7, 2003).

**ACCORDINGLY**, it is

**ORDERED** that United States Magistrate Judge David E. Peebles' Report-Recommendation (Dkt. No. 53) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's *in forma pauperis* status is **REVOKED** as having been improvidently granted; and it is further

**ORDERED** that, if Plaintiff has not paid the Court's prior filing fee of two hundred fifty dollars ($250) within thirty (30) days of the date of this Memorandum-Decision and Order, his Complaint (Dkt. No. 1) shall be **DISMISSED** without further Order of this Court; and it is further

**ORDERED** that the parties' cross-motions for summary judgment (Dkt. Nos. 42, 43) are **DENIED** as moot without prejudice to renewal if Plaintiff pays the required filing fee within the prescribed period; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order upon the parties and Magistrate Judge Peebles.

Dated: December 16, 2008
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　　　Hon. Glenn T. Suddaby
　　　　　　　　　　　　　　　　　　　　U.S. District Judge