UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELBERT WELCH,

                      Plaintiff,

        v.                                 9:06-CV-0061
                                                 (GTS/DEP)

T. CHARLAN, *et al.*,

                      Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

ELBERT WELCH, 00-B-1648
  Plaintiff, *Pro Se*
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

HON. ANDREW M. CUOMO                 SENTA B. SIUDA, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204

GLENN T. SUDDABY, UNITED STATES DISTRICT JUDGE

## MEMORANDUM-DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action is Plaintiff's motion for reconsideration of the Court's Memorandum-Decision and Order of December 16, 2008, revoking his *in forma pauperis* status as having been improvidently granted. (Dkt. No. 57.) For the reasons set forth below, Plaintiff's motion is denied.

      Generally, a court may justifiably reconsider its previous ruling if "[1] there has been an intervening change in controlling law, [2] there is new evidence, or [3] a need is shown to correct a clear error of law or to prevent manifest injustice." *U.S. v. Sanchez*, 35 F.3d 673, 677 (2d Cir. [citations omitted]), *cert. denied*, 514, U.S. 1038 (1995); *accord*, *Doe v. New York City*

*Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.) [citations omitted], *cert. denied*, 464 U.S. 864 (1983); 18B Wright & Miller, *Federal Practice and Procedure* § 4478, at 670-691 (2d ed. 2002 & Supp. 2009) [citations omitted].  Here, Plaintiff has not satisfied any of these three conditions.

With regard to the first condition, Plaintiff's motion points to no intervening change in the relevant controlling law.  (*See generally* Dkt. No. 57.)  With regard to the second condition, Plaintiff's motion points to no new evidence warranting reconsideration.  (*Id.*)  For example, the evidence that Plaintiff relies on in support of his request that the Court reconsider its ruling regarding the imminent danger exception consists of (1) pages 3 and 4 of District Judge Lawrence E. Kahn's Decision of June 1, 2006, in this action, wherein he concluded that Plaintiff had sufficiently alleged that he was under imminent danger of serious physical injury, and (2) the allegations contained in Parts III and V(5) of Plaintiff's Complaint.  (*Id.* at ¶¶ 13-14, 18, 20.)  These parts of the record were well known to the Court when it issued its Memorandum-Decision and Order on December 16, 2008.[1]  With regard to the third condition, Plaintiff's motion points to no error of law in the Court's Memorandum-Decision and Order of December

---

[1] The Court notes that the Judge Kahn expressly stated that his conclusion was a "**preliminary finding**" that was able to be revisited later in the proceeding, should the need to do so arise.  (*See* Dkt. No. 12, at 4, n.6 [emphasis in original].)  Under the circumstances, the Court finds that such a need indeed arose due to (1) Magistrate Judge Peebles' Report-Recommendation of September 24, 2008, examining the imminent danger issue "in light of events" that had occurred during the pendency of the lawsuit, (2) Senior District Judge Thomas J. McAvoy's ruling of October 30, 2007, in *Welch v. Fisher*, 07-CV-0929 (N.D.N.Y.), that Plaintiff's claim of food poisoning was "wholly unsupported" and "patently insufficient to state a claim for relief," and (3) the Supreme Court's decision of May 21, 2007, in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1965-74 (2007), clarifying that the "fair notice" standard (which governs the sufficiency of Plaintiff's imminent-danger allegations) turns not on the *conceivability* of a claim but the *plausibility* of the claim.  Finally, the Court notes also that Plaintiff's mere incantation of the words "imminent danger" in Part V of his Complaint does not qualify him for the imminent danger exception, especially in light of the speculative and fantastic nature of the purported reason for that imminent danger.  *See Welch v. Charlan*, 06-CV-0061, 2008 WL 5382353, at *1 (N.D.N.Y. Dec. 16, 2008) (describing four defects in Plaintiff's allegations of imminent danger).

16, 2008.[2]

      **ACCORDINGLY**, it is

      **ORDERED** that Plaintiff's motion for reconsideration of the Court's Memorandum-Decision and Order of December 16, 2008, revoking his *in forma pauperis* status as having been improvidently granted (Dkt. No. 57) is **DENIED**; and it is further

      **ORDERED** that the **DEADLINE** by which Plaintiff must pay the Court's prior filing fee of two hundred fifty dollars ($250) is *sua sponte* extended (out of special solicitude to him) from January 15, 2009, to **JANUARY 30, 2009**.

Dated: January 13, 2009
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

[2] The Court notes that Plaintiff is mistaken that the Court issued its Memorandum-Decision and Order of December 16, 2008, because Plaintiff had not filed any opposition papers. (Dkt. No. 57, at 1.) The Court expressly stated that it had found no error in Magistrate Judge Peebles' Report-Recommendation "clear *or otherwise*," indicating that it was adopting the Report-Recommendation on *de novo* review appropriate for a contested Report-Recommendation (i.e., not simply on an abuse-of-discretion review appropriate for an uncontested Report-Recommendation). *See Welch v. Charlan*, 2008 WL 5382353, at *1 [emphasis added]. Furthermore, the Court then discussed the merits of the Report-Recommendation. *Id*. at *1-2.